

# Fourth Court of Appeals

## San Antonio, Texas

### DISSENTING OPINION

No. 04-14-00282-CV

**IN RE STATE OF TEXAS**

Original Mandamus Proceeding[1]

Opinion by:    Marialyn Barnard, Justice
Dissenting Opinion by:  Rebeca C. Martinez, Justice

Sitting:        Karen Angelini, Justice
                Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  May 28, 2014

For the reasons expressed in the Court of Criminal Appeals' recent opinion in *Ex parte Lo*,

424 S.W.3d 10, 29 (Tex. Crim. App. 2013) (op. on reh'g), I respectfully dissent.  Although I

recognize that the Court of Criminal Appeals does not have jurisdiction over civil proceedings, the

statute in question applies to both civil and criminal proceedings and I find the Court's analysis

regarding separation of powers to be equally availing here.  *See id.* at 29-30.

In *Ex parte Lo*, the State complained on rehearing that the Court erred by holding a state

statute unconstitutional without first providing notice to the attorney general pursuant to Section

402.010 of the Texas Government Code.  *Id.* (citing TEX. GOV'T CODE ANN. § 402.010 (West

Supp. 2013)).  The Court of Criminal Appeals concluded that section 402.010 of the Texas

Government Code constitutes an unconstitutional violation of the separation of powers because

---

[1] This proceeding arises out of Cause No. 2012CI02421, styled *A.L.F.L. v. K.L.L.*, pending in the 438th Judicial District Court, Bexar County, Texas, the Honorable Barbara Hanson Nellermoe presiding.

the entry of final judgment "is a core judicial power; it falls within that judicial realm of judicial proceedings 'so vital to the efficient functioning of a court as to be beyond legislative power[,]'" and the provision prohibiting entry of a final judgment absent 45-days' notice to the attorney general creates "a constitutionally intolerable imposition on a court's power to enter a final judgment." *Id.* at 29 (quoting *Armadillo Bail Bonds v. State*, 802 S.W.2d 237, 240 (Tex. Crim. App. 1990)).

Here, it is undisputed that the trial court heard argument from all parties before it regarding the challenged statutes and proceeded to rule on the merits of the constitutional challenge. The majority agrees with the attorney general that it had a due process right to be heard in a meaningful way before the trial court ruled on the merits of the constitutional challenge.[2] I disagree. In my opinion, it is not within the judiciary's purview to accomplish the Legislature's goals, nor is it the judiciary's mandate to cooperate with the State's preferences. While the attorney general does have an interest in defending the state's laws, the judiciary's authority to consider and resolve constitutional issues should not take a back seat to legislative interests, nor be hindered by them.

The majority identifies the petition for writ of mandamus brought by the State as challenging the trial court's procedural action in denying a party's plea to the jurisdiction and entering orders prior to providing the State notice under Section 402.010. Initially, I question whether the State has standing to so complain. At the time the petition for writ of mandamus was filed, the State's plea in intervention was still pending before the trial court. Nevertheless, that the

---

[2] While the majority admits that any alleged failure to provide notice does not deprive the court of jurisdiction, it holds the trial court abused its discretion in denying an untimely request to intervene by the State, a nonparty. In doing so, the majority relies on *In re Acceptance Ins. Co.*, 33 S.W.3d 443, 454 (Tex. App.—Fort Worth 2000, orig. proceeding). There, mandamus issued where the trial court *sua sponte* scheduled and conducted a hearing to investigate whether to impose sanctions against an insurance company for possible violations of court orders to mediate, over the company's objections to lack of notice or pleadings advising it of the nature of the contempt charges. Here, it cannot be said that the now-challenged statutory right to notice favoring the State is equivalent to a party-litigant's fundamental due process right to notice and a meaningful hearing.

trial court did not comply with Section 402.010 before entering its order does not constitute a clear abuse of discretion, as the trial court was not strictly required to do so in this situation. In light of both state and federal precedent, it cannot be said that the trial court acted without reference to any guiding rules or principles of law. Certainly, the State has failed to show it lacks an adequate remedy by appeal, and notably the majority entirely refrains from addressing the second element of our writ authority. *See Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). As the Supreme Court has indicated, with respect to the "priorities expressed by other branches of government," the Legislature is limited by separation-of-powers to impose upon the courts a deadline, and cannot restrict a court's consideration of constitutional issues. *In re Allcat Claims Service, L.P.*, 356 S.W.3d 455, 474 (Tex. 2011) (orig. proceeding) (court may choose to comply with statutory deadline, even though not strictly required to do so). It cannot be said that Section 402.010's notice requirement is any less a prohibited imposition. In vacating the trial court's order by extraordinary writ and equating its failure to comply with the Legislature's notice preference to a due process violation, the majority fails to preserve our mandate to "fulfill our constitutional duties and neither impair our judicial prerogatives and functions, nor impair the rights of the parties." *Id.*

Because I agree with the Court of Criminal Appeals that subsections (a) and (b) of Section 402.010 impermissibly suspend a court's power to enter an order or judgment, I decline to hold that the trial court abused its discretion in denying the plea to the jurisdiction in the absence of notice to the attorney general of a constitutional challenge. *See Ex parte Lo*, 424 S.W.3d at 29-30.

Rebeca C. Martinez, Justice